UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

LUKE ALEXANDER, ZACH ALEXANDER,
KENT OELKER, and CHRIS JEFFIRES, individuals,
And ADVANTEK INDUSTRIAL WOOD PELLETS, LLC
          Plaintiff,

v.

MITCH STECKER, an Individual, and
NATIONWIDE COMMERCIAL RELIEF, INC.

          Defendant.

_____/

## COMPLAINT

COME NOW Plaintiffs, LUKE ALEXANDER, ZACH ALEXANDER, KENT OELKER, and CHRIS JEFFIRES, individuals, and TORRIFIED WOOD PELLETS, LLC, by and through undersigned counsel, and file their Complaint against Defendants MITCH STECKER, an individual, and NATIONWIDE COMMERCIAL RELIEF, INC., and in support hereof state:

### PARTIES

1. Plaintiff LUKE ALEXANDER is an individual with an address located at 4816 Duxhall Drive, Lincoln, NE 68516.

2. Plaintiff ZACH ALEXANDER is an individual with an address located at 4816 Duxhall Drive, Lincoln, NE 68516.

3. Plaintiff CHRIS JEFFRIES is an individual with an address located at 655 Declaration Way, Apt 27 Bowling Green, KY 42103.

4. Plaintiff KENT OELKERS is an individual with an address located at 6009 Oak Hills Drive, Omaha, NE 68137

5. Plaintiff ADVANTEK INDUSTRIAL WOOD PELLETS, LLC is a Limited Liability Company with an address located at 11131 N 144th St., Waverly, NE 68462.

6. Defendant MITCH STECKER is an individual with an address located at

7. Defendant NATIONWIDE COMMERCIAL RELIEF, INC. is a Florida corporation with an address located at 4440 PGA Blvd. Suite 600, Palm Beach Gardens, Florida 33418.

## JURISDICTION

8. This Court has original jurisdiction under 29 U.S.C. § 1332 because there is diversity between the parties, and the amount in controversy exceeds $75,000.00.

9. Additionally, the contract upon which part of this action is based, **EXHIBIT A**, provides for jurisdiction in Palm Beach County, Florida.

10. Venue is proper in this District under § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred here.

## COUNT I – BREACH OF CONTRACT
## AGAINST NATIONWIDE

Plaintiff re-alleges the foregoing facts as if stated herein.

11. On April 29, 2015, Plaintiff ADVANTEK INDUSTRIAL WOOD PELLETS, LLC and Defendant NATIONWIDE COMMERCIAL RELIEF, INC. ("NATIONWIDE") entered into a written contract with Defendants whereby in return for the payment of $25,000.00 NATIONWIDE, together with further compensation at the

closing of the funding, NATIONWIDE would secure funding of an estimated $16,537,500.00.  **EXHIBIT A.**

12.     After entering into the contract, Defendant NATIONWIDE made continuing representations guaranteeing that funding would be provided to Plaintiffs.

13.     Defendant went so far as to show Plaintiffs a screenshot of a English bank account with a multi-million dollar balance to prove to them that it could secure funding.

14.     Defendant continually guaranteed to Plaintiffs and to third parties with whom Plaintiffs had contracted in reliance on the funding that the funding would be provided.

15.     Defendant breached the contract by failing to secure funding and by failing to take reasonable actions to secure the funding.

16.     Plaintiffs, in reliance on the Defendants representations, entered into a number of agreements with third parties which were reliant on Defendants providing funding.

17.     All of Plaintiffs' third party contracts fell through due to Defendant's failure to provide funding.

18.     Due to the actions of Defendant, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs request damages against Defendant, together with such further relief is deemed warranted.

## COUNT II – TORTIOUS INTERFERENCE WITH CONTRACT
## AGAINST DEFENDANT MITCH STECKER

Plaintiff re-alleges the foregoing facts as if stated herein.

19.     Plaintiffs and Defendant entered into a written agreement whereby Defendant would attain funding for Plaintiffs.

20. Defendant knew that Plaintiffs secured contracts with third parties in reliance on this funding.

21. Defendant guaranteed to both Plaintiffs and the third parties that the funding would be provided.

22. Defendant willfully interfered with Plaintiffs contracts by failing to provide the funding.

23. Defendant was aware that Plaintiff would lose substantial money if the funding was not provided.

24. Plaintiffs provided Defendants with copies of the contracts Plaintiffs had secured with third parties.

25. Despite Defendants promises to do so, Defendant failed to take actions to secure the funding for Plaintiffs knowing that Plaintiffs would be damaged by Defendant's false representations concerning the funding.

26. Because of the inaction of Defendant, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs request damages against Defendant, together with such further relief is deemed warranted.

## COUNT III – TORTIOUS INTERFERENCE WITH CONTRACT
## AGAINST DEFENDANT NATIONWIDE

Plaintiffs re-allege the foregoing facts as if stated herein.

27. Plaintiffs and Defendant entered into a written agreement whereby Defendant would attain funding for Plaintiffs.

28. Defendant knew that Plaintiffs secured contracts with third parties in reliance on this funding.

29. Defendant guaranteed to both Plaintiffs and the third parties that the funding would be provided.

30. Defendant willfully interfered with Plaintiffs contracts by failing to provide the funding.

31. Defendant was aware that Plaintiff would lose substantial money if the funding was not provided.

32. Plaintiffs provided Defendants with copies of the contracts Plaintiffs had secured with third parties.

33. Despite Defendants promises to do so, Defendants failed to take actions to secure the funding for Plaintiff.

34. Because of the inaction of Defendant, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs request damages against Defendant, together with such further relief is deemed warranted.

## COUNT IV – FRAUDULENT MISREPRESENTATION
## AGAINST DEFENDANT MITCH STECKER

Plaintiffs re-allege the foregoing facts as if stated herein.

35. Plaintiffs were induced by Defendants to enter into an agreement with Defendant whereby Defendant would secure funding for Plaintiffs to invest in business with third parties.

36. Defendant represented orally and in writing that he would secure this funding for Plaintiffs and that Defendant had the ability, financial resources and experience to secure the funding.

37. Defendant guaranteed orally and in writing that Defendants would receive the funding.

38. Defendant also made guarantees of securing the funding with third parties with whom Plaintiffs were doing business.

39. Relying on Defendant's representations, Plaintiffs entered into agreements with third parties which relied on the funding to be provided by Defendants.

40. Defendant knew at the time of entering the agreement with Plaintiffs that it could not secure the funding.

41. Defendant went so far as to show Plaintiffs a screenshot of a English bank account with a multi-million dollar balance to prove to them that it could secure funding.

42. Due to Defendant's misrepresentations of ability to secure the funding and guarantees that funding would be provided, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs request damages against Defendant, together with such further relief is deemed warranted.

## COUNT V – FRAUDULENT MISREPRESENTATION
## AGAINST DEFENDANT NATIONWIDE

Plaintiffs re-allege the foregoing facts as if stated herein.

43. Plaintiffs were induced by Defendants to enter into an agreement with Defendant whereby Defendant would secure funding for Plaintiffs to invest in business with third parties.

44. Defendant represented orally and in writing that he would secure this funding for Plaintiffs and that Defendant had the ability, financial resources and experience to secure the funding.

45. Defendant guaranteed orally and in writing that Defendants would receive the funding.

46. Defendant also made guarantees of securing the funding with third parties with whom Plaintiffs were doing business.

47. Relying on Defendant's representations, Plaintiffs entered into agreements with third parties which relied on the funding to be provided by Defendants.

48. Defendant knew at the time of entering the agreement with Plaintiffs that it could not secure the funding.

49. Defendant went so far as to show Plaintiffs a screenshot of a English bank account with a multi-million dollar balance to prove to them that it could secure funding.

50. Due to Defendant's misrepresentations of ability to secure the funding and guarantees that funding would be provided, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs request damages against Defendant, together with such further relief is deemed warranted.

PLAINTIFFS DEMAND A TRIAL BY JURY

/s/ Michael D. Stewart_____
Michael D. Stewart, Esq.
FL Bar No.: 12457
ms@themiamilaw.com
150 NE 2nd Ave, Suite 1000
Miami, FL  33131
Telephone: (305) 590-8909